COMMONWEALTH *vs.* SOLOMON AARON.

On the trial of a complaint for keeping a tenement used for the illegal sale of intoxicating liquor, the testimony of witnesses that they have seen liquor delivered in answer to calls for whiskey and for ale is competent evidence, the weight of which is for the jury, and all the evidence of sales being of sales made in the tenement, it is not error to decline to instruct the jury that proof of keeping the tenement for the purpose of making illegal sales will not warrant a conviction without proof of keeping it for the purpose of illegal sales therein.

COMPLAINT for keeping a tenement " used for the illegal sale and illegal keeping for sale of intoxicating liquors."

Trial in the Superior Court, before *Aldrich*, J. The jury having returned a verdict of guilty, the defendant alleged exceptions, in which the evidence in the case was stated at length. Three witnesses testified that they had made several visits to the place, and had seen intoxicating liquors behind the bar, had seen many persons there drinking, had heard them call for whiskey and ale, had seen the defendant deliver liquor in response to the calls, and had seen the customers pay for it. The defendant presented ten prayers for instructions, some of which were given and some refused. The sixth and seventh prayers were as follows :

" 6. That proof of keeping the place for the mere purpose of making illegal sales, without proof of an actual keeping for the

sale of intoxicating liquors, is not sufficient to warrant a conviction on a complaint of this kind.

" 7. The testimony of witnesses that they have seen sales of different kinds of liquors, which they supposed were ale and whiskey, is not conclusive evidence of the guilt of the defendant, and it would not be safe for the jury to convict the defendant on such testimony."

The court instructed the jury as to what it was necessary for the government to prove to authorize a conviction of the defendant; and as it was conceded that all the evidence tending to prove illegal sales and illegal keeping for sale of intoxicating liquors also tended to show that such sales and keeping for sale, if they took place at all, took place in the tenement described in the complaint, declined for those reasons to give the sixth instruction, although as an abstract proposition it might be true.

As to the testimony alluded to in the seventh prayer for instruction, the court stated to the jury that the evidence was competent, but of its weight or value they were the exclusive judges; that it was not the duty or the right of the court to tell them how much weight or value they should attach to it.

*G. W. Searle & J. W. Mahan*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. 1. The court properly refused the sixth prayer for instruction as not applicable to the case.

2. The court correctly instructed the jury upon the subjects embraced in the seventh prayer.

3. The other questions in this case are decided in *Commonwealth* v. *Owens, ante*, 252.      *Exceptions overruled.*